PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHEMICAL BANK, | ) | |
| | ) | CASE NO. 4:15CV1850 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION AND ORDER** |
| GARY KAUSMEYER, | ) | |
| | ) | [Resolving ECF Nos. 69, 70, 71, 75, 76, |
| Defendant. | ) | and 88] |

The following motions are pending in the above-entitled action:

Plaintiff's Motion *in Limine* to Exclude Evidence of Other Claims Asserted Against Talmer (ECF No. 69);

Plaintiff's Motion *in Limine* to Exclude Evidence Regarding the Validity of the CICS Agreement (ECF No. 70);

Plaintiff's Motion *in Limine* to Limit Admission of Evidence Regarding Alleged Fraud (ECF No. 71);

Plaintiff's Motion *in Limine* to Exclude Evidence Relating to Expense Reimbursement (ECF No. 75);

Plaintiff's Motion *in Limine* Regarding References to Plaintiff's Name at Trial (ECF No. 76); and,

Defendant's Motion *in Limine* to Exclude Evidence Relating to Defendant's Job Performance (ECF No. 88).

The Court has been advised, having reviewed the record, the parties' briefs, and the applicable law.

## I. ECF No. 69

In its Motion *in Limine* to Exclude Evidence of Other Claims Asserted Against Talmer (ECF No. 69), Plaintiff seeks an order from the Court to prohibit Defendant from making direct

and/or indirect references, through witnesses, exhibits or arguments, to claims asserted against Talmer, including any resolution or outcome of those claims, by employees other than Kausmeyer who were parties to Change in Control Severance ("CICS") Agreements similar to the CICS Agreement executed by Defendant.

For good cause shown, the motion is granted. Reference to those claims would be misleading, confusing and unfairly prejudicial, and presentation of evidence concerning those claims would be a waste of time. The Court is also concerned that mini-trials over the claims of William Chernock and Jeffrey Miller would confuse the issues and potentially mislead the jury. Accordingly, the evidence is excluded pursuant to Rules 401 and 403 of the Federal Rules of Evidence until further order of the Court.

## II. ECF No. 70

Plaintiff moves the Court for an order to prohibit Defendant from introducing evidence directed to the validity of Kausmeyer's arbitrable claim against Talmer under the Change in Control Severance Agreement (the "CICS Agreement") (ECF No. 46-2) executed by Defendant and First Place Bank ("FPB") on June 13, 2011.

For good cause shown, the motion is granted. Whether Defendant's claim under the CICS Agreement is valid or whether the CICS Agreement is an enforceable contract, are not relevant to the issues in the case at bar; and the admission of evidence relating to those matters would be unfairly prejudicial and mislead and confuse the jury, as well as waste the Court's and the jury's time at trial. Accordingly, the evidence is excluded pursuant to Rules 401 and 403 of the Federal Rules of Evidence until further order of the Court.

**III. ECF No. 71**

In its Motion *in Limine* to Limit Admission of Evidence Regarding Alleged Fraud (ECF No. 71), Plaintiff moves the Court to prohibit Defendant from introducing any evidence of fraud unrelated to the alleged isolated statement by David J. Wolfe, Jr., Esq. that Kausmeyer's execution of the Project Completion Agreement ("PCA") was only needed "for regulatory purposes." Deposition of Defendant (ECF No. 45-1) at PageID #: 405-409.

The motion is denied. However, the evidence of fraud is limited to Defendant. For example, that Defendant declined to sign the "Receipt and Acknowledgment" portion of the "Notice re/ Change in Control Severance Agreement" (ECF No. 46-4) because he did not agree that the CICS Agreement had been terminated provides context and background regarding his claim for common law fraud and affirmative defense of fraudulent inducement.

**IV. ECF No. 75**

Plaintiff also moves the Court for a ruling pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence preventing Defendant from introducing evidence related to reimbursement of his expenses by FPB (including business expenses as well as housing, travel or relocation expenses).

The Bank offered to reimburse Defendant for expenses for temporary housing and travel expenses, and move-related and housing-related costs incurred within two years of his start date. Declaration of Defendant (ECF No. 46-1) at PageID #: 592, ¶ 16; Deposition of Defendant (ECF No. 45-1) at PageID #: 317-18. In April 2013, Defendant submitted an expense reimbursement form with expenses totaling $16,362.66 to Kim Wadman, assistant to FPB's Chief Executive

Officer, Tom Shafer. ECF No. 45-1 at PageID #: 321-23; ECF No. 46-1 at PageID #: 592, ¶ 17. Defendant had not been reimbursed for these expenses as of November 8, 2013. ECF No. 46-1 at PageID #: 593, ¶ 18. On November 15, 2016, Defendant received a payment of $19,079.52 from FPB by way of direct deposit into his bank account. According to Plaintiff, it deposited the Project Completion Bonus amount of $26,666, which after applicable tax withholdings resulted in a net deposit into Defendant's bank account of $19,079.52. Declaration of Sandy Kuohn (ECF No. 45-3) at PageID #: 475, ¶ 8. Defendant believed that the $19,079.52 was reimbursement for expenses owed to him by the Bank. ECF No. 46-1 at PageID #: 593-94, ¶¶ 21-22.

The motion is denied until further order of the Court.

## V. ECF No. 76

In its Motion *in Limine* Regarding References to Plaintiff's Name at Trial (ECF No. 76), Plaintiff requests that the Court and counsel for the parties refer to the plaintiff in this case as "Talmer" at trial. Plaintiff makes this request to avoid confusion of the jury and for the parties' convenience.

For good cause shown, the motion is granted.

## VI. ECF No. 88

Finally, in his Motion *in Limine* to Exclude Evidence Relating to Defendant's Job Performance (ECF No. 88), Defendant moves the Court for a ruling pursuant to Rules 401 and 402 of the Federal Rules of Evidence preventing Plaintiff from presenting evidence of or relating to Defendant's job performance because his performance while employed by Talmer is entirely irrelevant to the issues in this case.

If Defendant opens the door, as indicated by Plaintiff in its memorandum in opposition (ECF No. 93), evidence of Defendant's job performance would be relevant to the process that led to the termination of Defendant's employment by Talmer. Accordingly, the motion is denied until further order of the Court.

**VII.**

For all the foregoing reasons,

Plaintiff's Motion *in Limine* to Exclude Evidence of Other Claims Asserted Against Talmer (ECF No. 69) is granted.

Plaintiff's Motion *in Limine* to Exclude Evidence Regarding the Validity of the CICS Agreement (ECF No. 70) is granted.

Plaintiff's Motion *in Limine* to Limit Admission of Evidence Regarding Alleged Fraud (ECF No. 71) is denied.

Plaintiff's Motion *in Limine* to Exclude Evidence Relating to Expense Reimbursement (ECF No. 75) is denied.

Plaintiff's Motion *in Limine* Regarding References to Plaintiff's Name at Trial (ECF No. 76) is granted.

Defendant's Motion *in Limine* to Exclude Evidence Relating to Defendant's Job Performance (ECF No. 88) is denied.

IT IS SO ORDERED.

December 9, 2016
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge